IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSIAH HALL,**<br><br>*Plaintiff*,<br><br>v.<br><br>**COHN, GOLDBERG & DEUTSCH, LLC,**<br><br>*Defendant*. | Case No. 1:24-CV-01026-JRR |

**MEMORANDUM OPINION**

Pending before the court are Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 11, the "Motion"), as well as Plaintiff's Motion for Summary Judgment (ECF No. 13) and Motion for Leave to File Surreply (ECF No. 17). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion (ECF No. 11) will be granted, Plaintiff's Motion for Leave to File Surreply (ECF No. 17) will also be granted, and Plaintiff's Motion for Summary Judgment (ECF No. 13) will be denied.

**I.     UNDISPUTED FACTS**

The following facts are undisputed:

State Employees Credit Union of Maryland, Inc. ("SECU"), retained Defendant law firm Cohn, Goldberg & Deutsch, LLC, to collect a debt allegedly owed by *pro se* Plaintiff Josiah Hall to SECU. (ECF No. 11-2, Affidavit of Richard J. Rogers, Esquire,[1] ¶ 3; ECF No. 1, Complaint, ¶ 14.)  On March 12, 2024, Plaintiff received a letter from Defendant seeking to collect the $10,511.29 debt. (ECF No. 1 ¶ 16.)  By letter of March 18, 2024, Plaintiff responded to

---

[1] Rogers is an attorney with Cohn, Goldberg & Deutsch, LLC, and attests to the facts set forth in the affidavit in that capacity. (ECF No. 11-2.)

Defendant's March 12 letter; he wrote: "the real kicker is I received and [sic] unwanted letter from you guys Cohn, Goldberg & Deutsch, I'm like what 10,511.29 I don't remember apply [sic] for credit with a Cohn, Goldberg & Deutsch; I'm unwilling to pay this debt!!! I decline to pay this debt." (ECF No. 11-4; *see* ECF No. 1 ¶ 17.) On March 28, 2024, Defendant wrote Plaintiff: "In response to your debt amount dispute letter dated March 18, 2024 stating that you have no recollection of this account, attached please find copies of the most recent statements prior to charge off as well as the account transaction history. Our client has verified the remaining amount of debt." (ECF No. 11-5.) Enclosed in Defendant's March 28 letter were the SECU account records regarding the referenced debt. (*Id.*; ECF No. 11-2 ¶¶ 7–8.) Defendant has had no further communication with Plaintiff regarding the debt. (ECF No. 11-2 ¶ 10.)

On April 9, 2024, Plaintiff filed the instant Complaint (ECF No. 1) containing a single claim for relief for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Specifically, Plaintiff claims Defendant violated § 1692c(c) of the FDCPA by failing to cease communications with Plaintiff following his letter of March 18, 2024. (ECF No. 1 ¶¶ 24–29.) Defendant's Motion seeks dismissal of the Complaint, or, in the alternative, summary judgment. (ECF No. 11.) After opposing Defendant's Motion, Plaintiff moved for summary judgment (ECF No. 13) and for leave to file a surreply to the Motion (ECF No. 17). Defendant opposes both motions. (ECF Nos. 14, 18.)

## II.     LEGAL STANDARD

According to the title of the Motion, Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. "A motion with this caption implicates the court's discretion under FED. R. CIV. P. 12(d)." *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022). Federal Rule

2

of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED R. CIV. P. 12(d). "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion." *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 WL 5335477, at *3 (D. Md. Sept. 22, 2016) (citations omitted).

"There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'" *Snyder*, 2022 WL 980395, at *4 (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Second, the parties must first "be afforded a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177; *see also Boyle v. Azzari*, 107 F.4th 298, 301–302 (4th Cir. 2024) (noting that the Fourth Circuit has "even mandated that courts in this Circuit refuse to consider [summary judgment motions] where the nonmoving party has not had an opportunity to obtain evidence necessary to support its position.").

Plaintiff has been provided adequate notice that Defendant's Motion might be treated as one for summary judgment. The Motion's caption and exhibits are sufficient indicia. *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Attached to the Motion are the March 12 debt-collection letter, Plaintiff's March 18 response, and Defendant's March 28 verification letter as well as the above-referenced Rogers Affidavit authenticating these documents. (ECF No. 11-2–11-5.) Defendant does not challenge the authenticity of the letters and appears to attach excerpted versions of these same materials to his opposition to the Motion

3

(ECF Nos. 15-1–15-2) and to his own Motion for Summary Judgment (ECF Nos. 13-2, 13-3.) While discovery has not commenced in this matter, neither party argues discovery is necessary in advance of summary judgment. Accordingly, the court will consider the parties' exhibits and treat the Motion as one for summary judgment.

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted); *see Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (providing that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations to survive").

In undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see*

also *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Adin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

### III.  ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

#### A. Motions for Summary Judgment

"To prevail on an FDCPA claim, a plaintiff must prove that (1) they have been the 'object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined

> If the consumer notifies the debt collector in writing within [thirty days of receiving the notice of debt] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

Plaintiff's first argument that § 1692g(b) does not provide a waiver to the cease communication directive, is unavailing. "In addition to the Section 1692c(c) exceptions, a consumer can also waive their cease-and-desist rights. . . . [C]onsumers can waive their rights under Section 1692c(c)." *Diaz v. KLS Fin. Servs., Inc.*, No. 3:24-CV-38-MOC, 2024 WL 2160861, at *3 (W.D.N.C. May 14, 2024) (collecting cases).

> Courts have held that under these circumstances—where the consumer directs the debt collector to cease communication but disputes the debt and/or requests verification—the consumer is deemed to have waived any claim under Section 1692c(c) that a subsequent response providing verification violated the consumer's cease communication directive. *See Duarte v. Midland Funding*, LLC, No. 17 C 5061, 2019 WL 978495, at *4 (N.D. Ill. Feb. 27, 2019) (finding that "by including language both disputing the debt and refusing to pay, Duarte waived any claim under § 1692c(c) that a subsequent response from MCM violated the directive to cease communications"); *Crumel v. Kross, Lieberman & Stone, Inc.*, No. 5:14-CV-80, 2015 WL 1565432, at *4–5 (E.D.N.C. Apr. 8, 2015) (finding that the "plaintiff's request for verification constituted a waiver of his cease communication directive, but only with respect to the verification information"); *Marino v. Hoganwillig, PLLC*, 910 F. Supp. 2d 492, 496 (W.D.N.Y. 2012) ("To hold [that a debt collector could not send a verification of the debt] would force HoganWillig into a frozen state where it could not seek to collect the debt because compliance with Section 1692g(b) would violate Section 1692c(c).").

*Morris v. Resurgent Cap. Servs.*, No. 1:23-CV-751, 2024 WL 1509257, at *5 (W.D. Mich. Mar. 4, 2024), *report and recommendation adopted*, No. 1:23-CV-751, 2024 WL 1514316 (W.D. Mich.

7

Apr. 8, 2024); *see also Bender*, 530 F. Supp. 3d 566, 577 (D. Md. 2021) (finding debtor had not waived § 1692c(c) rights where debt collector discussed the debt on the phone with the debtor after debtor requested to cease communication because "[a] debtor may waive a cease communication directive 'only where the least sophisticated debtor would understand that he or she [is] waiving his or her rights under § 1692c(c).'" (quoting *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1172 (9th Cir. 2006))).

Plaintiff next argues that his "statement in the March 18, 2024 letter was solely a refusal to pay and a request for cessation of communication. At no point did Plaintiff dispute the debt or question the identity of the creditor." (ECF No. 15 at p. 3.) In pertinent part, Plaintiff's letter reads:

> I received and [sic] unwanted letter from you guys Cohn, Goldberg & Deutsch, I'm like what 10,511.29 I don't remember apply [sic] for credit with a Cohn, Goldberg & Deutsch; I'm unwilling to pay this debt!!! I decline to pay this debt.

(ECF No. 11-4 at p. 1.) Defendant asserts, and this court agrees, that the above language constitutes both a dispute and a refusal to pay the debt. (ECF No. 11-1 at p. 7.) *See Diaz,* WL 2160861, at *3 (finding plaintiff's statement "I thought that my insurance woul[d] have covered this balance. I am not in possession of any other documents in support of this balance. Therefore I am not going to pay this debt" constituted a simultaneous dispute and cease communication request.).

Importantly, besides the debt verification letter of March 28, Defendant has not contacted Plaintiff following his March 18 letter for any purpose. (ECF No. 14 at p. 3–4.) The court therefore finds that Defendant did not exceed the lawful, permissible scope of Plaintiff's waiver; and, as such, Defendant satisfied its obligation under § 1692g(b). *See Crumel*, 2015 WL 1565432, at *5 (quoting *Clark* and holding that "plaintiff's request for verification constituted a waiver of his

8

cease communication directive, but only with respect to the verification information. Beyond verification, plaintiff did not knowingly waive his § 1692c(c) rights."). Accordingly, no genuine dispute of material fact exists as to whether Defendant's March 28 letter violated the FDCPA, and Defendant is entitled to judgment as a matter of law.

### B. Plaintiff's Surreply

On June 11, 2025, Plaintiff moved for leave to file a surreply to the Motion. (ECF No. 17.) Plaintiff requests leave to file a surreply to counter what he contends are new arguments and factual claims introduced in Defendant's reply—namely, Defendant's argument that "Plaintiff waived his cease communication directive by disputing the debt and questioning the identity of the original creditor in the same letter." *Id.* ¶ 3a. In the Motion, Defendant made the exact argument that Plaintiff claims was asserted for the first time in Defendant's reply in support of the Motion. (ECF No. 11-1 at p. 6, "Plaintiff waived the 'cease communication' directive by disputing the debt in the same letter in which he refused to pay the debt.") And Plaintiff responded to this argument in his response. (ECF No. 15 at p. 3, describing Defendant's waiver argument as "fundamentally flawed.")

Although surreplies are generally not permitted, the decision to permit a party to file a surreply is within the court's discretion. *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom.*, 778 F.3d 463 (4th Cir. 2015). *See* Local Rule 105.2(a) (D. Md. 2023) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). "This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs." *Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 599 (D. Md. 2022) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)). *See Freeman*, 961 F. Supp. 2d at 801

("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply.") (citing *Khoury*, 268 F.Supp.2d at 605 (D. Md. 2003)).  This court has, however, "used this discretion to permit self-represented parties to file surreplies even where no new matters were raised in the reply brief." *Trainor v. McGettigan*, No. CV GLR-22-1505, 2023 WL 403621, at *2 (D. Md. Jan. 25, 2023).  *See Carroll v. Porter*, No. CV GLR-23-02960, 2024 WL 3275482, at *4 (D. Md. July 2, 2024) (same); *Boland*, 628 F. Supp. 3d at 599 (same); *Wommack v. Ceres Terminals, Inc.*, No. CV JKB-19-1720, 2019 WL 4393136, at *2 (D. Md. Sept. 13, 2019) (same).  Importantly, this court has permitted surreplies where a *pro se* plaintiff's surreply did not "unduly prejudice" defendants (including, e.g., where the proposed surreply does not change the outcome of court's decision).  *Williams v. Bartee*, No. CIV.A. CCB-10-935, 2011 WL 2842367, at *2 (D. Md. July 14, 2011), *aff'd sub nom. Williams v. Merritt*, 469 F. App'x 270 (4th Cir. 2012).

In view of these principles, the court will exercise its discretion to give Plaintiff leave to file his surreply, and direct that it be docketed.  Plaintiff's surreply does not change this court's analysis; as such, Defendant suffers no prejudice.

**IV.    CONCLUSION**

For the reasons set forth herein, by separate order, Plaintiff's Motion for Leave to File Surreply (ECF No. 17) shall be granted, Defendant's Motion for Summary Judgment (ECF No. 11) shall be granted, and Plaintiff's Motion for Summary Judgment (ECF No. 13) shall be denied.

February 12, 2025

/S/
_____
Julie R. Rubin
United States District Judge